IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-06-CR-0249-G(03) |
| | § | NO. 3-10-CV-0966-G |
| GERARDO SOTO | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Gerardo Soto, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

Defendant pled guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and carrying a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Punishment was assessed at a total of 236 months confinement followed by a four-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel because his attorney did not file a notice of appeal.

On May 20, 2010, the court sent written interrogatories to defendant in order to determine whether his motion was timely-filed. Defendant answered the interrogatories on June 1, 2010. The court now determines that this case should be summarily dismissed on limitations grounds.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of--

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to a total of 236 months in prison on federal drug and gun charges. The judgment of conviction was entered on April 5, 2007, and no appeal was taken. Therefore, under the law in effect at the time, defendant's conviction became final on April 19, 2007. FED. R. APP. P. 4(b)(1)(A) (2005).[1] *See also United States v. Garcia-Mancha*, No. 2-96-CR-021-J, 2001 WL

---

[1] Prior to December 1, 2009, the deadline for filing a notice of appeal in a criminal case was 10 days after entry of the judgment. *See* FED. R. APP. P. 4(b)(1)(A). Under the prior version of Fed. R. App. P 26(a)(2), when a period prescribed or allowed under the rules is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the time computation. *See* FED. R. APP. P. 26(a)(2) (2005).

282769 at *2 (N.D. Tex. Mar. 15, 2001), *rec. adopted*, (N.D. Tex. Mar. 30, 2001) (where no appeal is taken, federal conviction becomes final for limitations purposes 10 days after judgment is entered). More than *three years* later, on May 4, 2010, defendant filed the instant motion in federal district court.

In an attempt to excuse this delay, defendant alleges that he mistakenly believed a FOIA request filed on his behalf by a fellow inmate, which remained pending for more than one year, was a section 2255 motion. (*See* Mag. J. Interrog. # 1 & 2). Although equitable tolling may be available to a habeas petitioner who is deceived by his attorney into believing that a timely appeal or post-conviction proceeding was filed on his behalf, *see United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003), the court is unaware of any authority extending that rule to misrepresentations made by fellow inmates or "writ writers." Moreover, the FOIA request submitted to the Executive Office for United States Attorneys states that defendant is "presently in the process of filing and gathering information for a § 2255 motion before the Court." (*See* Def. Mot., Attch. at 2). In view of that statement in the FOIA request, which is signed by defendant, there was no legitimate basis for defendant to believe that the document was a section 2255 motion.

To the extent defendant seeks equitable tolling due to the government's delay in responding to his FOIA request and the fact that he is a "non-English speaking pro se litigant," (*see* Mag. J. Interrog. #1), those arguments are without merit. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citation omitted) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of the law, lack of knowledge of filing deadlines, pro se status, and lack of legal training do not support equitable tolling of AEDPA statute of limitations); *Garcia v. Quarterman*,

No. 3-07-CV-1048-L, 2009 WL 186011 at *3 (N.D. Tex. Jan. 26, 2009), *COA denied*, No. 09-10172 (5th Cir. Apr. 12, 2010) (failure to speak English is not an extraordinary circumstance justifying equitable tolling).

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence is barred by limitations and should be summarily dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE